# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES JACKSON  *
*aka Travis Fullard*
                               *

Petitioner
                               *

v                                                                                         Civil Action No. PWG-19-2775
                               *

STATE OF MARYLAND
                               *

Respondent
                               *
                             ***

## **MEMORANDUM OPINION**

On September 16, 2019, James Jackson filed a submission titled Motion for Relief from Judgment pursuant to Fed. R. Civ. P 60(b)(4), seeking vacatur for lack of jurisdiction of the Court's decision in *Jackson v. State*, HAR-94-114 (D. Md. 1995), *aff'd Jackson v. Smith*, 81 F.3d 150 (4th Cir. 1996) (Table), which denied his 1994 Petition for a Writ of Habeas Corpus. In that case, Jackson collaterally challenged his convictions from 1988 for first-degree felony murder, handgun violations and other offenses in the Circuit Court for Prince George's County, for which he received two consecutive life sentences plus forty years.[1] Jackson asserts that the Court lacked subject matter jurisdiction to review his Petition because the "issues were moot" and the "trial court did not possess subject matter jurisdiction over the felony murder theory of the trial because it was based on nolle prossed offenses." ECF No. 1 at p. 3.

On September 23, 2019, Jackson filed a "Request to Amend" the Motion for Relief (ECF No. 2), asserting that the grounds for relief he presents in this case are different from those he had raised in his Motion for Relief from Judgment of the decision denying his 1994 habeas petition in

---

[1] Jackson is housed in the Texas Department of Criminal Justice on an Interstate Corrections Compact ("ICC") transfer from Maryland. *See Jackson v. Maryland*, Civil Action No. PWG-14-3732 (D. Md. 2015).

*Jackson v. State*, PWG-14-3732 (D. Md. 2015). In that case, I construed Jackson's Motion for Relief from Judgment pursuant to Rule 60(b)(4) as a successive Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and, because Jackson did not obtain prefiling approval to file a successive petition, dismissed the Petition for lack of jurisdiction. *Jackson v. State*, PWG-14-3732. Jackson's request to amend will be treated as a Motion to Amend (ECF No. 2) and GRANTED. Jackson's Petition for Writ of Habeas Corpus (ECF No. 1), construed as a hybrid Motion for Relief of Judgment and Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 IS DENIED AND DISMISSED.

## DISCUSSION

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of § 2244(b)(3)(A) for successive applications. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *McRae*, 793 F.3d at 397 (internal quotation marks omitted). Rule 60(b)(4) of the Federal Rules of Civil Procedure allows a district court to vacate an otherwise final order only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked subject matter jurisdiction. *United States v. Hartwell,* 448 F.3d 707, 722 (4th Cir. 2006) (Williams, J., concurring); *see also Wendt v. Leonard,* 431 F.3d 410, 413 (4th Cir. 2005) (collecting cases).

Here, Jackson's submission is a hybrid Rule 60(b)(4) Motion and § 2254 petition. Jackson's first ground for Relief from Judgment is that this Court lacked jurisdiction to hear his habeas petition, challenging the validity of the habeas proceeding. ECF No. 1 at p. 3. Federal district courts have jurisdiction to consider a petition for a writ of habeas corpus filed by a person in custody pursuant to a judgment of a state court on the ground that he or she is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254. Jackson was in custody of the state sentence at the time he filed the Petition. Further, in the Petition, Jackson challenged his custody, raising constitutional claims premised on insufficient evidence, uncorroborated accomplice testimony, prosecutorial misconduct, erroneous use of charges that were dismissed nolle prosequi, ineffective assistance of counsel, and an invalid plea deal. *Jackson v. State*, PWG-14-3732, ECF No. 7; *see also Jackson v. Smith*, HAR 94-114. Jackson's Motion for Relief from Judgment presents no viable grounds to impugn the jurisdiction in that case, and no grounds for Rule 60(b)(4) relief,[2] and I find the Motion for Relief from Judgment (ECF No. 1) wholly lacking in merit.

Jackson's second ground for Relief from Judgment is that the trial court lacked jurisdiction to hear the criminal case. ECF No. 1 at p. 3. Here, Jackson is attacking the validity of his underlying criminal conviction, and his claim is properly considered pursuant to 28 U.S.C. § 2254. As he is undoubtedly aware, a district court has no jurisdiction to entertain this claim absent evidence that he has received prefiling authorization from the court of appeals. A petitioner may not evade the procedural requirements for successive § 2254 motions by attaching other titles to his filings. *See Calderon v. Thompson,* 523 U.S. 538, 553 (1998) (stating that regardless of the title assigned by the litigant, the subject matter of the motion determines its status); *Castro v.*

---

[2] If Jackson wants to file a second or successive § 2254 Petition, he must obtain prefiling authorization from the court of appeals.

*United States*, 540 U.S. 375 (recognizing a court may recharacterize a pro se litigant's pleading "to create better correspondence between the substance of a pro se motions' claim and its underlying legal basis").

I find Jackson presents no grounds to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Therefore, I decline to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, I will grant Jackson's Motion to Amend, deny the Motion for Relief pursuant to Rule 60(b)(4), and to the extent he has filed a claim properly considered as a second or successive petition under 28 U.S.C. § 2254, dismiss that claim for lack of jurisdiction. No certificate of appealability will issue. A separate Order follows.


\_\_\_April 6, 2020\_\_\_\_        \_\_\_\_\_/S/_____
Date                                         Paul W. Grimm
                                             United States District Judge